FILED

NOT FOR PUBLICATION

MAY 11 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



TRICIA Z. COOPER,

        Plaintiff - Appellant,

v.

INTEL CORPORATION LONG
TERM DISABILITY PLAN,

        Defendant - Appellee.

No. 14-35745

D.C. No. 3:13-cv-01852-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 10, 2017[**]
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[***] Senior District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Appellant Tricia Cooper appeals the district court's decision granting summary judgment to Appellee Intel Corporation Long Term Disability Plan and dismissing Appellant's claim for long term disability ("LTD") benefits. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Cooper is a former employee at Intel Corporation ("Intel") and was a participant in the company's LTD plan (the "LTD Plan"). The LTD Plan grants benefits if an employee has an "illness or injury that is substantiated by Objective Medical Findings and which renders a Participant incapable of performing work," but excludes from the definition of Objective Medical Findings "tests that depend on Participant self-reports, such as trigger point/tender point tests, [which] are not considered objective."

Cooper stopped working for Intel in January 2010 and, after exhausting her short-term disability benefits, applied for LTD benefits. Intel delegates responsibility for determining eligibility to two third-party claims administrators: Reed Group for initial determinations and Claim Appeal Fiduciary Services, Inc. ("CAFS") for appeals. Reed Group denied Cooper's claim because she failed to show Objective Medical Findings that she had an illness rendering her incapable of performing work. Cooper appealed the denial to CAFS, which rejected her claim for the same reason. Cooper subsequently sought judicial review, arguing that

2

CAFS had a conflict of interest and denied benefits based on clearly erroneous factual findings. The district court granted summary judgment for Appellee. Cooper now appeals.

When a benefit plan gives an administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we "review the administrator's decision for abuse of discretion." Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 673 (9th Cir. 2011). "Abuse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965 (9th Cir. 2006) (en banc).

The Court does not reach the issue of whether CAFS suffered from a conflict of interest because, even if it had, CAFS did not abuse its discretion by denying LTD benefits, even when that decision is reviewed with a low level of skepticism. See id. at 968 ("The level of skepticism with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history.").

CAFS based its conclusion, in part, on two in-person medical evaluations that found that Cooper was capable of "light" work. While she contends that a

3

third physician described her as "bedbound," this statement was written "as reported by the patient and her husband," **id.**, and is therefore not an Objective Medical Finding substantiating an illness or injury under the LTD Plan. (excluding from the definition of Objective Medical Findings "tests that depend on Participant self-reports.").

**AFFIRMED.**